BARRY H. SPITZER, State Bar #161525
LAW OFFICE OF BARRY H. SPITZER
2150 River Plaza Drive, Suite 140
Sacramento, California 95833

Telephone: (916) 442-9002
Facsimile: (916) 442-9003

Attorneys for Chapter 7 Trustee
Geoffrey Richards

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

WILLIAM RAY POE and
MARIA E. MORAES,

　　　　　　　　　　　　Debtors.

CASE NO. 22-20021-C-7

D.C. NO BHS-1

**DECLARATION OF BARRY H. SPITZER IN SUPPORT OF APPLICATION BY CHAPTER 7 TRUSTEE FOR APPROVAL OF EMPLOYMENT OF COUNSEL**

I, Barry H. Spitzer, declare as follows:

1.　　That I am an attorney licensed to practice law in the State of California and admitted to practice before this Court and that I maintain an office at 2150 River Plaza Drive, Suite 140, Sacramento, California 95833.

2.　　That I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto.

3.　　That the Chapter 7 Trustee, Geoffrey Richards, ("the Trustee") of the above-referenced estate has met with me to discuss this case. The Trustee has determined that he will need General Legal Counsel to assist him regarding Debtor's claim against PG&E for the Camp Fire in Butte County in 2018 that was not disclosed on the Debtors Schedules. The Trustee has determined that he will need General Legal Counsel to assist him regarding the PG&E claim to allow the Estate to liquidate the assets. The Trustee has requested my assistance as counsel in this matter.

4. Subject to an order authorizing my employment by this Court, I am willing to undertake the representation of the Trustee on an hourly basis, pursuant to the terms and conditions as more fully set forth in the Fee Agreement for legal services, a copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference.

5. The Law Office of Barry H. Spitzer is a general practice, with an emphasis on bankruptcy. I am familiar with the Bankruptcy Code, the Bankruptcy Rules of Practice and Procedure, and the Local Bankruptcy Rules promulgated by this Court. I am a 1992 graduate of the University of the Pacific, McGeorge School of Law. Since 1992, I have represented creditors, debtors and trustees in Chapters 7, 11 and 13 proceedings in the Eastern District of California and Northern District of California.

6. I will seek compensation for services rendered during the course of the case pursuant to the procedures established by the Bankruptcy Code, the Bankruptcy Rules of Practice and Procedure, and the Local Bankruptcy Rules promulgated by this Court.

7. I have conducted a conflict check. The names checked include the name of the Debtor, the Trustee, and the names of all of the persons or entities listed on the creditor's mailing matrix filed by the debtor.

8. I am currently representing Nikki Farris in her capacity as a Chapter 7 Trustee in other cases, including cases involving claims against PG&E. I have spoken with Ms. Farris and she does not have an opposition in my representation to the Trustee in this matter. I am confident that my representation of Ms. Farris in other cases will not influence his representation of the Trustee in this matter.

9. Except as set forth above, the conflicts check has revealed that I have no connection with the debtor, creditors, or any party in interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee.

/ / / /

/ / /

/ /

/

10. Based on the above, I believe that the firm is a disinterested person as that term is defined in 11 U.S.C. § 101(14).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. As to those matters stated upon information and belief, I am informed and truly believe them to be so.

Executed on March 16, 2023 at Sacramento, California.

_____
BARRY H. SPITZER

# BARRY H. SPITZER
### Attorney at Law

2150 River Plaza Drive, Suite 140 • Sacramento, California 95833
Telephone (916) 442-9002 • Facsimile (916) 442-9003

March 16, 2023

## LEGAL SERVICES AGREEMENT

1.   IDENTIFICATION OF PARTIES. This agreement is made between Law Office of Barry H. Spitzer, hereafter referred to as "Law Firm," and Geoffrey Richards, Chapter 7 trustee of the William Poe and Maria Moraes estate, case no. 22-20021-C-7, hereafter referred to as "Client."

This agreement is required by Business and Professions Code section 6148 and is intended to fulfill the requirements of that section.

2.   LEGAL SERVICES TO BE PROVIDED. The legal services to be provided by Law Firm to Client are as follows: Representation of client regarding: PG&E fire recovery and other matters related to the case.

3.   RESPONSIBILITIES OF LAW FIRM AND CLIENT. Law Firm will perform the legal services called for under this agreement, keep Client informed of progress and developments, and respond promptly to Client's inquiries and communications. Client will be truthful and cooperative with Law Firm; keep Law Firm reasonably informed of developments and of Client's address, telephone numbers and whereabouts; and timely make any payments required by this agreement, subject to Bankruptcy Court approval. Client's current address is: PO Box 579, Orinda, CA 94563.

4.   ATTORNEY'S FEES. Client will pay Law Firm for attorney's fees for the legal services provided under this agreement at the respective hourly rates of the individuals providing the services, subject to Bankruptcy Court approval. The rates fall within the following ranges: $425.00 per hour for attorneys. Law Firm will charge in increments of one tenth of an hour, rounded off for each particular activity to the nearest one tenth of an hour.

Law Firm will charge for all activities undertaken in providing legal services to Client under this agreement, including, but not limited to, the following: conferences, court sessions, and depositions (preparation and participation); correspondence and legal documents (review and preparation); legal research; and telephone conversations.

If, while this agreement is in effect, Law Firm increases the hourly rates being charged to clients generally for attorney's fees, that increase may be applied to fees incurred under this agreement, but only with respect to services provided 30 days or more after written notice of the increase is mailed to Client. If Client chooses not to consent to the increased rates, Client may terminate Law Firm's services under this agreement by written notice effective when received by Law Firm, provided Client executes and return a substitution-of-attorney form immediately on its receipt from Law Firm if Law Firm is Client's attorney of record in any proceeding.

Client acknowledges that Law Firm has made no promises about the total amount of attorney's fees to be incurred by Client under this agreement, unless it is under the flat rate proposed.



Page 1 of 2

Filed 03/16/23　　　　　Case 23-20021　　　　　Doc 16

5. COSTS. Client will pay all "costs" in connection with Law Firm's representation of Client under this agreement. Costs will be advanced by Law Firm and then billed to Client unless the costs can be met out of client deposits that are applicable toward costs. Costs include, but are not limited to, court filing fees, deposition costs, expert fees and expenses, investigation costs, messenger service fees, photocopying expenses, and process server fees, pursuant to Local Bankruptcy Rules.

6. STATEMENTS AND PAYMENTS. Law Firm will send Client monthly statements indicating attorney's fees and costs incurred and their basis, any amounts applied from deposits, and any current balance owed. If no attorney's fees or costs are incurred for a particular month, or if they are minimal, the statement may be held and combined with that for the following month. Any balance will be paid in full within 30 days after the statement is mailed.

7. ERRORS AND OMISSIONS INSURANCE. The Law Firm maintains errors and omissions insurance coverage applicable to the services to be rendered under this agreement.

8. EFFECTIVE DATE OF AGREEMENT. The effective date of this agreement will be the date when it is executed by the last of the parties to do so.

9. DISCLAIMER OF GUARANTEES. Nothing in this agreement and nothing in my statements to you will be construed as a promise or guarantee about the outcome of your matter. I make no such promises or guarantees. My comments about the outcome of your matter are expressions of opinion only.

The foregoing is agreed to by:

Date: March 6, 2023

_____
Geoffrey Richards, Trustee

LAW OFFICE OF BARRY H. SPITZER

Date: March 6, 2023

By: _____
Barry H. Spitzer